**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| HC OLDCO, INC., ) | Chapter 11 |
| FKA ARRO CORPORATION ) | |
| ) | Case No. 19-35238 |
| Debtor. ) | Honorable Janet S. Baer |
| ) | |
| _____ ) | |
| Oxford Restructuring Advisors LLC, as ) | Adv. No. 20-00437 |
| Trustee of the HC Oldco, Inc. Creditor ) | |
| Trust ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| The Peoples Gas Light and Coke ) | |
| Company, ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO COMPLAINT TO AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO
DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Defendant, The Peoples Gas Light and Coke Company ("Peoples Gas"), by and through its attorneys, Maurice Grant, Ronald Austin, Jr., and Senija Grebovic, answer Plaintiff's, Oxford Restructuring Advisors LLC, as Trustee of the HC Oldcom, Inc. Creditor Trust ("Plaintiff"), Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 ("Complaint") as follows:

**NATURE OF THE CASE**

1.  Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property by the Debtor that occurred during the ninety (90) day period before the commencement of the bankruptcy

proceedings (the "Preference Period") of the Debtor pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to section 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

**ANSWER**: **Peoples Gas admits that Plaintiff seeks to avoid and recover from Peoples Gas all preferential transfers of property by the Debtor that occurred during the ninety (90) day period before the commencement of bankruptcy proceedings of the Debtor pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code of the Bankruptcy Code. Peoples Gas admits that Plaintiff also seeks to avoid and recover from Peoples Gas transfers made pursuant to section 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances. Peoples Gas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint.**

2.    In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or that has been scheduled for the Defendant. Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtor to object to any such claim for any reason, including without limitation, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

**ANSWER: Peoples Gas admits that Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Peoples Gas has filed or asserted against the Debtor or that has been scheduled for Peoples Gas. Peoples Gas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint.**

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), captioned *In re HC Oldco, Inc. f/k/a Arrow Corporation,* Case No. 19-35238, pursuant to 28 §§ 1334 and 157

(a).

**ANSWER: Peoples Gas admits the allegations in this paragraph 3 of the Complaint.**

4.      This is a core proceeding under 28 U.S.C. § 157(b).  The Parties consent to jurisdiction before the Bankruptcy Court.

**ANSWER: Peoples Gas admits the allegations in this paragraph 4 of the Complaint.**

5.      Venue is proper in this District under 28 U.S.C. §§1408 and 1409.

**ANSWER: Peoples Gas admits the allegations in this paragraph 5 of the Complaint.**

## PROCEDURAL BACKGROUND

6.      On December 18, 2019 (the "Petition Date"), Debtor commenced a case by filing voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code.  The Debtor was authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**ANSWER: Peoples Gas admits the allegations in paragraph 6 of the Complaint.**

7.      On August 12, 2020, this Court entered an order confirming the *Agreed Plan of Liquidation of Debtor and Official Committee of Unsecured Creditors* (the "Confirmation Order" and "Plan," respectively).  [Plan, Dkt. No. 237; Confirmation Order, Dkt No. 395].

**ANSWER: Peoples Gas admits the allegations contained in paragraph 7 of the Complaint.**

8.      Pursuant to Article 4.1 of the Plan and Section Il(D) of the *Disclosure Statement for Agreed Plan of Liquidation Proposed by Debtor and the Official Committee of Unsecured Creditors Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Disclosure Statement") [Dkt. No. 236], General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.

**ANSWER: Peoples Gas admits the allegations in paragraph 8 of the Complaint.**

## THE PARTIES

9.     ***Debtor.*** Prior to its bankruptcy filing, Debtor was a leading food manufacturing company servicing all national brand consumer packaged goods companies as well as smaller enterprises in the food, pharmaceutical and industrial markets. The Debtor was in the business of manufacturing, packaging, and distributing bake mixes, powdered beverages, ingredients, cereals,trail mix, nuts and other food products. The Debtor provided industry-leading processing and packaging services for many well-known consumer-branded foods, including emerging brands, private label, gluten free, organic, and national brands.

3

**ANSWER: Peoples Gas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.**

10.     *Plaintiff.* The Trustee was appointed creditor trustee of the HC Oldco, Inc. Creditor Trust under the Confirmation Order and Article II of the HC Oldco, Inc. Creditor Trust Agreement (the "Trust").  Pursuant to Bankruptcy Code section 547, 548, 550, 1106, and 1107, the Trustee is authorized and has standing to pursue this avoidance action.

**ANSWER: Peoples Gas admits the allegations contained in paragraph 10 of the Complaint.**

11.     *Defendant.*  Upon information and belief, Defendant is a utility provider, and the Debtor utilized Defendant's services in its day to day business operations.  Upon further information and belief, at all relevant times, Defendant's principal place of business is located at 200 E. Randolph St., Chicago, IL 606011.  Plaintiff is informed and believes and, on that basis, alleges that Defendant is a corporation residing in and subject to the laws of the State of Illinois.

**ANSWER: Peoples Gas admits the allegations contained in paragraph 11 of the Complaint.**

## FACTUAL BACKGROUND

12.     Prior to the Petition Date, Debtor, as food manufacturing company, maintained business relationships with various business entities and individuals, through which Plaintiff regularly purchased, sold received and/or delivered goods and services.

**ANSWER: Peoples Gas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.**

13.     The financial difficulties that led to the Debtor's decision to file the bankruptcy case is attributable to a combination of factors.  Namely, changes in the labor market, delays in the start of new business, poorly timed equity investments, operating inefficiencies, ingredient delays, and numerous lawsuits against the Debtor.

**ANSWER:    Peoples Gas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.**

14.     During the ninety (90) days before and including the Petition Date, that is between September 19, 2019 and December 18, 2019 (the "Preference Period"), Debtor continued to operate its business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

**ANSWER:   Peoples Gas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.**

15.     Upon information and belief, during the course of their relationship, the Defendant and Debtor entered into agreements for the purchase of goods and/or services by Debtor from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other document (collectively, the "Agreements").  Upon further information and belief, the Agreements concerned and related to goods and/or services provided by Defendant to the Debtor.  The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A.  Such details include "Invoice Number," "Invoice Date," "Invoice Amount" and "Check Date".

**ANSWER: Peoples Gas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.**

16.     Debtor made transfer(s) of an interest of Debtor's property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A and attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," and "Clear Date."

**ANSWER: Peoples Gas admits the allegations contained in paragraph 16 of the Complaint.**

17.     On or about October 9, 2019, Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s).  The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to 11 U.S.C. § 547(c) and requested that if Defendant had evidence to support any affirmative defense, it provide this evidence so Plaintiff could review same.  Plaintiff also performed its own due diligence evaluation of the reasonably knowable affirmative defenses available to the Defendant.

**ANSWER: Peoples Gas admits that a Demand Letter from Plaintiff's counsel was sent. Peoples Gas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint.**

18.     Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

**ANSWER: Peoples Gas denies the allegations in paragraph 18 of the Complaint.**

19.     During this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period.  Plaintiff reserves its right to amend this

5

original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff.

**ANSWER: The allegations in paragraph 19 of the Complaint are legal conclusions to which no answer is required.**

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

20. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

**ANSWER: Peoples Gas re-alleges its answers to all preceding paragraphs as its answer to paragraph 20 of the Complaint.**

21. During the Preference Period, the Debtor made Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

**ANSWER: Peoples Gas admits the allegations in paragraph 21 of the Complaint.**

22. Each Transfer was made from Debtor and constituted transfers of an interest in property of the Debtor.

**ANSWER: Peoples Gas admits the allegation in paragraph 22 of the Complaint.**

23. Defendant was a creditor or the Debtor at the time of each Transfer by virtue of supplying goods and/or services to Debtor for which Debtor was obligated to pay in accordance with Agreements. *See* Exhibit A.

**ANSWER: Peoples Gas admits the allegation in paragraph 23 of the Complaint.**

24. Each transfer was to or for the benefit of creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by Debtor to Defendant. *See* Exhibit A.

**ANSWER: Peoples Gas lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.**

25. Each transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant before being paid by the Debtor. *See* Exhibit A.

6

**ANSWER: Peoples Gas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.**

26. Each transfer was made when the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference pursuant to 11 U.S.C. § 547(f).

**ANSWER: Peoples Gas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.**

27. Each Transfer was made during the Preference Period, as set forth on Exhibit A.

**ANSWER: Peoples Gas admits the allegation contained in paragraph 27 of the Complaint.**

28. As a result of each Transfer, Defendant received more than Defendant would received if: (i) Debtor's bankruptcy case was under chapter 7of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Plan, the Confirmation Order, and the Disclosure Statement, the Debtor's liabilities exceed its asserts such that Debtor's unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

**ANSWER: The allegations in paragraph 28 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, Peoples Gas denies the allegations contained in paragraph 28 of the Complaint.**

29. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**ANSWER: Peoples Gas denies the allegation in paragraph 29 of the Complaint.**

## COUNT II
### (Avoidance of Fraudulent Conveyance – 11 U.S.C. § 548(a)(1)(B))

30. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

**ANSWER: Peoples Gas re-alleges its answers to all previous allegations of the Complaint as its answer to paragraph 30 of the Complaint.**

31. To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, or was a prepayment for goods and/or services never received, Plaintiff pleads in the alternative that Debtor did not receive reasonably equivalent value in exchange for

7

such transfer(s) (the "Potentially Fraudulent Transfers"); and

    a. Debtor was insolvent as of the date of the Transfer(s), or become insolvent as a result of the Transfer(s); or

    b. Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with Debtor or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

    c. Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

**ANSWER: Peoples Gas denies the allegations in paragraph 31 of the Complaint.**

32. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11. U.S.C. § 548(a)(B).

**ANSWER: Peoples Gas denies the allegation in paragraph 32 of the Complaint.**

## COUNT III
### (Recovery of Avoided Transfer – 11 U.S.C § 550)

33. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations in this Court.

**ANSWER: Peoples Gas re-alleges its answers to all preceding paragraphs as its answer to**

**paragraph 33 of the Complaint.**

34. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and/or any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

**ANSWER: Peoples Gas denies the allegation in paragraph 34 of the Complaint.**

35. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

**ANSWER: Peoples Gas denies the allegation in paragraph 35 of the Complaint.**

36. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and cost of this action.

**ANSWER: Peoples Gas denies the allegation in paragraph 36 of the Complaint.**

## COUNT IV
### (Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))

37. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

**ANSWER: Peoples Gas re-alleges its answers to all preceding paragraphs as its answer to paragraph 37 of the Complaint.**

38.    Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

**ANSWER: Peoples Gas denies the allegations in paragraph 38 of the Complaint.**

39.    Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

**ANSWER: Peoples Gas denies the allegations contained in paragraph 39 of the Complaint.**

40.    Pursuant to 11 U.S.C. § 502(d), any and all Claims or Defendant and/or its assignee, against the Debtor's chapter 11 estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

**ANSWER: The allegations in paragraph 40 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, Peoples Gas denies the allegations in paragraph 40 of the Complaint.**

41.    Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's chapter 11 estate previously allowed by Debtor must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

**ANSWER: The allegations in paragraph 41 of the Complaint are legal conclusions to which no answer is required. To the extent an answer is required, Peoples Gas denies the allegations in paragraph 41 of the Complaint.**

## AFFIRMATIVE DEFENSES

1. The payments made by the Debtor to Peoples Gas during the Preference Period were made in the ordinary course of business between the Debtor and Peoples Gas, and were made according to the ordinary business terms between the Debtor and People's Gas. Pursuant to 11 U.S.C. § 547(c)(2), "a trustee may not avoid...a transfer- to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor

and transferee, and such transfer was made in the ordinary course of business or financial affairs of the debtor and the transferee."

2. Peoples Gas provide utility services to its customers. Peoples Gas distributes and sells natural gas to its customers. Peoples Gas provided utility services to the Debtor before and after the Preference Period. The Debtor became a customer of Peoples Gas in February, 2019 and remained a customer of Peoples Gas until January, 2020. The payments the Debtor made during the Preference Period and the utility services the Debtor received during the Preference Period were constituent with the ordinary course of business and prior course of dealing between the Debtor and Peoples Gas. Therefore, the transfers made by the Debtor to Peoples Gas during the Preference Period are not avoidable by the Plaintiff.

3. Payments made by the Debtor to Peoples Gas during the Preference Period were made intended and made to be a contemporaneous exchange for new value given to the Debtor by Peoples Gas, and each payment was in fact a substantially contemporaneous exchange. Section 547(c)(4) provides: [The trustee may not avoid under this section a transfer-- (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—(A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.]

4. Peoples Gas provide utility services to its customers. Peoples Gas distributes and sells natural gas to its customers. Peoples Gas provided utility services to the Debtor before and after the Preference Period. During the Preference Period, Peoples Gas provided new value to the Debtor by providing utility services with a value of at least $13,000.00. The utility service was a substantially contemporaneous exchange between Peoples Gas and the Debtor. The amount of new value Peoples Gas provided to the Debtor exceeds the amount of the payments the Debtor made to Peoples Gas during the Preference Period. Therefore, the transfers the Debtor made to Peoples Gas during the Preference Period are not avoidable by the Plaintiff.

Dated: February 24, 2021

Respectfully submitted,

**THE PEOPLES GAS LIGHT AND COKE COMPANY**

By: /s/ *Maurice Grant*
Maurice Grant

Maurice Grant (mgrant@grantlawllc.com)
Ronald Austin, Jr. (raustin@grantlawllc.com)
Senija Grebovic (sgrebovic@grantlawllc.com)
GRANT LAW, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
(312) 551-0111

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 24, 2021, he electronically filed the foregoing **DEFENDANT'S ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502** with the Court, a copy of which will be served on all counsel via the Court's CM/ECF System.

By: /s/ *Ronald Austin, Jr*
Ronald Austin, Jr

Maurice Grant (mgrantlawllc.com)
Senija Grebovic (sgrebovic@grantlawllc.com)
Ronald Austin, Jr (raustin@grantlawllc.com)
GRANT LAW, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
(312) 551-0111